IN THE UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

| | |
|---|---|
| CELESTINO CARDENAS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. _____ |
| ) | |
| KANCO HAY, L.L.C., ) | |
| Defendant. ) | |
| ) | |

**COMPLAINT AND
DEMAND FOR JURY TRIAL**

COMES NOW Celestino Cardenas, plaintiff, by and through his attorneys, and for this cause of action against the defendant Kanco Hay, L.L.C., alleges and states as follows:

1. The plaintiff Celestino Cardenas is a resident of Las Vegas, Clark County, Nevada.

2. Defendant Kanco Hay, L.L.C. is a corporation organized and existing under the laws of the state of Kansas, with a principal place of business located at 14377 County Road B, Coolidge, Kansas 67836. Said defendant may be served with process by serving its registered agent for the state of Kansas, Robert H. Gale, Jr., 211 North Main, Syracuse, Kansas 67878.

3. Jurisdiction of this Court is based on diversity of citizenship under 28 U.S.C. § 1332(a) and (c), in that the parties are citizens of different states and the amount in controversy is in excess of $75,000.00, exclusive of interest and costs.

4. On March 5, 2012, and at all pertinent times, defendant was the operator, occupier, owner, supervisor, and/or manager of the subject business premises open to the public and located at 14377 County Road B, Coolidge, Kansas. As such, defendant owed legal duties to

business visitors, invitees, and those lawfully on the premises, including duties which required defendant to use reasonable care, under all of the circumstances then existing, to keep the business premises safe, to provide adequate warning of unsafe conditions to customers, and to maintain the subject premises in a reasonably safe condition.

5. The circumstances then existing, which determine the scope of the aforesaid duties of defendant to use care, include but are not limited to the following facts: (a) defendant is and was a large, multi-state hay operation; (b) said operation held itself out to meet and apply professional standards in such operation and did undertake to meet such standards; (c) defendant had been engaged in said operation for many years; and (d) operation included the use of defendant's own trucks and drivers to haul hay and alfalfa, as well as the trucks of others. Defendant had a duty to provide a safe workplace for its employees, to include fall protection when its employees undertook tarping procedures on defendant's or other entities trucks. Under these circumstances, defendant was well aware of the risks, hazards, and dangerous conditions presented by defendant's operation in the use of trucks in hauling, loading, and tarping loads of hay or alfalfa, and the methods available to avoid or reduce such hazards and risks to humans, and, therefore, should have used such methods.

6. At all pertinent times, Celestino Cardenas was a business invitee and guest lawfully on the premises, as well as the operator of a truck and trailer engaged in obtaining a load of alfalfa in the course of defendant's business operation. During such activities, Mr. Cardenas was given several instructions by defendant, including: (a) where to initially move the truck; (b) that the load was required to be tarped; (c) that Mr. Cardenas must use a ladder to tarp the load; (d) where Mr. Cardenas was to move the truck for tarping. Defendant directly participated in the loading and tarping operations by: (a) giving the aforesaid instructions; (b) loading the alfalfa on the truck; (c) providing the ladder for the tarping procedure; (d) placing the

tarp on the load to be tarped through means of a fork lift or other device; (e) directing Mr. Cardenas to climb on the truck and tarp it; (f) directing the location of the tarping procedure; and (g) supervising the procedure from the scale office and from the grounds.

7. Mr. Cardenas did not know the load was to be tarped prior to his arrival and prior to receiving instructions to do so from defendant. The use of a tarp was required by the buyer of the load and said requirement was transmitted to defendant, not Mr. Cardenas. Defendant had the authority to prevent Mr. Cardenas from hauling the load if he did not comply with defendant's directive to tarp the load. The use of the tarp was a condition that defendant was required to meet to effect the sale to the buyer, such that, the tarping procedure was a task placed upon, and benefitted, defendant Kanco, more than Mr. Cardenas. Because the tarping procedure was a required part of the sale of the hay by defendant to the buyer, and was under the direction and control of the defendant, Mr. Cardenas served as an agent of defendant in accomplishing defendant's goals and duties in that regard.

8. Additionally, during the loading and tarping procedure, defendant (a) retained the right to direct the manner of plaintiff's performance; (b) directed and assisted in the tarping procedure, including the initial placement of the tarp on the load; (c) provide and required defendant's equipment, a ladder, to be used in the tarping; (d) required plaintiff to tarp the product before leaving defendant's premises; (e) directed the route to, and location of, the area for tarping; (f) required plaintiff to tarp the load only in the area designated by defendant rather than areas with elevated platforms which reduced the risk of falls; and (g) assumed affirmative duties concerning the safety of the procedure, the operation, and the premises. Therefore, under Kansas law, defendant owed a duty of reasonable care to Mr. Cardenas regardless of whether his role was as an agent or independent contractor.

9. Defendant negligently failed to meet the aforesaid legal duties, said negligence including, but not limited to: (a) maintaining an unreasonably dangerous condition on the premises; (b) failing to use reasonable care to keep the premises and business operation safe; (c) failing to meet industry safety standards; (d) failing to provide the required safety equipment; (e) failing to provide adequate supervision, instruction, and assistance; (f) failing to warn of the dangerous condition; (g) failing to provide a safe work place and equipment for its agent; and (h) failing to provide fall protection equipment, including, but not limited, to a fall arrest system or full-body harness system, to assist plaintiff Celestino Cardenas in safely tarping the load on the semi tractor trailer.

10. On March 5, 2012, as the result of the aforesaid breaches of duties by defendant, Mr. Cardenas sustained catastrophic injuries in plain view of the scale office and the owner and manager of defendant. The injury occurred before Mr. Cardenas was able to complete the tarping procedure and before he was able to weigh out and depart from the premises. The catastrophic injuries to Celestino Cardenas, caused by defendant's negligence, included a traumatic fall and bodily paralysis. The physical injuries caused Mr. Cardenas to suffer damages including but not limited to: medical expenses to date and medical expenses over his remaining lifetime; physical disability to date and future; permanent physical disability; loss of time and income to date; future loss of time and income; extreme physical suffering, discomfort, and pain to date; physical suffering, discomfort, and pain over his remaining lifetime; mental anguish and emotional distress to date; future mental anguish and emotional distress; past and future economic loss; and loss of enjoyment of life.

11. Additionally, plaintiff makes a claim on behalf of his wife, Theodora Cardenas, for loss or impairment of plaintiff's ability to perform services as a husband resulting from injury sustained by him.

12. Plaintiff brings this action for himself, his employer and/or broker and his employer and/or broker's workers compensation insurer, pursuant to K.S.A. 44-504, for their benefit as their interest may appear.

WHEREFORE, plaintiff Celestino Cardenas prays for judgment against the defendant Kanco Hay, L.L.C, in an amount in excess of $75,000.00, together with costs incurred herein, and for such other and further relief that the Court deems just and equitable.

Respectfully submitted,

s/ Mark A. Scott
Mark A. Scott, Sup. Ct. # 16045
Donald S. Andersen, Sup. Ct. # 12552
THE LAW OFFICE ROGER A. RIEDMILLER
The Buttermilk Lion Building
532 North Market Street
Wichita, Kansas 67214
(316) 263-0001 - Phone
(316) 263-3853 – Fax
E-mail: mark@raresq.com; don@raresq.com;
*Attorneys for Plaintiff Celestino Cardenas*

And

s/ Donald A. McKinney
Donald A. McKinney, Sup. Ct. #13415
McKinney Law Firm
#5 Douglas Ave.
Wichita, KS 67207
Office: (316) 686-1477
damlaw@pixius.net
*Attorneys for Plaintiff Celestino Cardenas*

## DEMAND FOR JURY TRIAL AND DESIGNATION OF PLACE OF TRIAL

Plaintiff Celestino Cardenas requests a trial by jury at the federal courthouse in Wichita, Kansas on all matters in controversy in the above-captioned matter.

> s/ Mark A. Scott
> Mark A. Scott, Sup. Ct. # 16045
> Donald S. Andersen, Sup. Ct. # 12552
> THE LAW OFFICE ROGER A. RIEDMILLER
> The Buttermilk Lion Building
> 532 North Market Street
> Wichita, Kansas 67214
> (316) 263-0001 - Phone
> (316) 263-3853 – Fax
> E-mail: mark@raresq.com; don@raresq.com;
> *Attorneys for Plaintiff Celestino Cardenas*