IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

CELESTINO CARDENAS,

Plaintiff,

vs.                                    Case No. 14-1067-SAC

KANCO HAY, L.L.C.,

Defendant.

**MEMORANDUM AND ORDER**

This is a personal injury action over which the court has
diversity jurisdiction. Plaintiff, a self-employed trucker, was
seriously injured on defendant's premises after falling while
tarping a partial load of hay on his semi-trailer truck. This
case is now before the court upon: defendant KanCo's motion for
summary judgment (Doc. No. 67); plaintiff's motion for partial
summary judgment (Doc. No. 64); and KanCo's motion in limine
(Doc. No. 65). The court shall first discuss KanCo's motion for
summary judgment.[1]

---

[1] Plaintiff has also filed a motion for oral argument (Doc. No. 77) and a
motion for leave to file a surreply as to KanCo's motion for summary judgment
(Doc. No. 85). Upon due consideration, the motion for oral argument shall be
denied. The court shall also deny plaintiff's motion for leave to file a
surreply because plaintiff has failed to demonstrate that new arguments or
authorities were presented in KanCo's reply brief which justify a surreply or
that other circumstances warrant filing a surreply. Granting leave to file a
surreply is atypical. Taylor v. Sebelius, 350 F.Supp.2d 888, 900 (D.Kan.
2004) aff'd 189 Fed.Appx. 752 (10th Cir. 2006). The court is even less
inclined to grant leave to file a surreply where, as here, an announced aim
is the clarification of previously cited case law and the proposed surreply
seems to be part of a battle over which side should have the last word.
McShares, Inc. v. Barry, 979 F.Supp. 1338, 1341 (D.Kan.1997); see also, Smith
v. Phamm, 2008 WL 2474596 *4 (D.Kan. 6/17/2008).

I. KANCO'S MOTION FOR SUMMARY JUDGMENT SHALL BE DENIED.

    A. <u>Summary judgment standards</u>

Summary judgment is warranted if the materials on record show that there is "no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED.CIV.P. 56(a). The court views "all of the facts in the light most favorable to the non-movant and reasonable inferences from the record must be drawn in favor of the non-moving party." <u>Piercy v. Maketa</u>, 480 F.3d 1192, 1197 (10th Cir. 2007). The evidence presented must be based on more than mere speculation, conjecture, or surmise to defeat a motion for summary judgment. <u>Rice v. United States</u>, 166 F.3d 1088, 1092 (10th Cir. 1999).

    B. <u>Uncontroverted facts</u>

KanCo is a business which produces, sells and transports hay. It is located in Hamilton County, Kansas in or near Coolidge, Kansas. KanCo ships thousands of tons of hay from its premises to several states. It also has a tractor-trailer "fleet" which includes six power units and 12 semi-trailers.

In February 2012, KanCo sold approximately 150 tons of alfalfa hay to Core Business Solutions, LLC to be delivered to Mississippi. Core Business Solutions (CBS) required that the hay be covered with tarps while in transit.

KanCo hired a transportation company, Total Quality Logistics (TQL), to furnish the trucks to haul the hay to Mississippi.  KanCo paid TQL for the transportation.  TQL paid the truck driver. KanCo's agreement with TQL provided that the loads of hay be tarped.  Prior to March 5, 2012, six loads of hay were transported to Mississippi for KanCo by six different trucks and drivers arranged for by TQL.

Plaintiff, the owner and sole employee of Cardenas Trucking, agreed with TQL to transport a load of hay from KanCo's premises to Mississippi.  This would be a partial load to finish the contract between KanCo and CBS.  Plaintiff had been a self-employed truck driver since 1997.  He owned his truck and trailer.  This was his first trip to KanCo's premises and he did not speak with anyone from KanCo before arriving there.  On the date of his injuries in this case, plaintiff was 65 years old.

When plaintiff arrived at KanCo on March 5, 2012, he weighed his empty truck on a scales and then, with directions from a KanCo employee, he drove the truck to the loading site. A KanCo employee loaded hay onto the truck.  It was approximately a one-half load and it was not stacked at a uniform height on the truck.  At the front of the flatbed, the hay was stacked more than 13 feet above the ground.

3

After the truck was loaded, plaintiff drove back to the scales to measure the weight of the load – 23,400 pounds. A KanCo employee then told plaintiff where he could drive the truck (approximately 200 feet on KanCo's premises) to tarp the load. Plaintiff testified that he was not told beforehand he was going to have to tarp the load. He further testified that, before starting to tarp the load, he inquired about safety protection for when he had to climb on top of the load. But, none was provided. He further testified that he was told by a KanCo employee:

- "I just have to do it like that [without safety equipment]" (Doc. No. 68-13, p. 136)

- "You are going to have to go on top using a ladder" (Doc. No. 68-13, pp. 102-03)

- "I had to tarp it otherwise I could not leave the premises" (Doc. No. 68-13, p. 102 of deposition)

- "go ahead and tarp it" (Doc. No. 68-14, p. 199 of deposition), and

- "this is the way we do it [without protection]" (Doc. No. 75-7, p. 216 of deposition)

Plaintiff testified that he said he had never tarped a load like this without safety protection.

Another trucker who earlier drove a load of hay from KanCo to Mississippi has stated in an affidavit (Doc. No. 84-2) that

he was told by KanCo that he had to climb on top of the load to
tarp it.  He said he was told:  "That's the rules" and "you have
to do it that way, or we will take it off."  Unlike plaintiff,
the trucker asked for and received help, apparently from a
couple of KanCo employees, one of whom climbed on top of the
load.

KanCo offered a ladder to plaintiff for use in climbing the
load.  Plaintiff used that ladder, although his own ladder was
tied to the truck.  It is undisputed that plaintiff did not fall
from the ladder when he was injured.

Plaintiff owned tarps, took his tarps with him to KanCo,
and used his tarps to tarp the load.  It is agreed that KanCo
did not tell plaintiff how to secure the tarp on the load and
plaintiff did not ask for direction or assistance after he was
told there was no safety protection.  There is evidence that a
KanCo employee, in conformance with KanCo's past practice, used
a machine to place plaintiff's rolled-up tarp at the top of the
load.  Plaintiff had experience tarping loads during his
trucking career.  He testified that nobody needed to tell him
how to tarp his load.  No KanCo employees were watching as
plaintiff climbed on top of the hay.

Plaintiff unrolled the tarp over the front of the load.
The tarp was not tied down at the time of plaintiff's injury.  A
few minutes after plaintiff was seen on top of his truck

spreading the tarp out, he was discovered lying on the ground on the driver's side of the truck.   There is no evidence that anyone saw plaintiff fall.

C. <u>Legal arguments</u>

KanCo generally argues that it should be granted summary judgment because it did not owe a duty to plaintiff.   Doc. No. 68, p. 12.   More specifically, KanCo asserts that it did not have a duty to supply "fall protection" to protect plaintiff from the hazards which were incidental to the work which plaintiff contracted to perform.   And, KanCo claims that it did not have a duty to protect plaintiff from an open and obvious danger.

In response, plaintiff claims that KanCo's arguments do not consider plaintiff's contention that KanCo was negligent in loading the hay onto plaintiff's truck.   Plaintiff further claims that KanCo had a duty of care because of its control over the loading and tarping activity on its premises.   Plaintiff also argues a duty of care arose because KanCo was aware that plaintiff would likely choose to encounter the danger of tarping the partial load without fall protection.   Finally, plaintiff contends that a duty of care arose from the foreseeability of a serious risk harm on KanCo's premises, even if the danger was open and obvious.

D. Legal principles and duties of care

The court applies Kansas substantive law and federal procedural law to this case. See Jones v. United Parcel Service, Inc., 674 F.3d 1187, 1195 (10th Cir.) cert. denied, 133 S.Ct. 413 (2012).

"A plaintiff in a negligence action must prove four elements: a duty owed to the plaintiff, breach of that duty, the breach of duty was the cause of the injury to the plaintiff, and damages suffered by the plaintiff." Shirley v. Glass, 308 P.3d 1, 6 (Kan. 2013). For a duty of care to exist, the plaintiff must be a foreseeable plaintiff and the probability of harm must be foreseeable. Berry v. National Medical Services, Inc., 257 P.3d 287, 290 (Kan. 2011). Whether a duty exists is a question of law and whether the duty has been breached is a question of fact. Nolde v. Hamm Asphalt Inc., 202 F.Supp.2d 1257, 1261 (D. Kan. 2002)(quoting Nero v. Kansas State University, 861 P.2d 768, 772 (Kan. 1993)). Summary judgment may be granted, however, when the facts present only one reasonable conclusion. Id.

1. Ordinary negligence

Everyone is under a general duty to exercise reasonable care under the circumstances to avoid injury to others. See Striplin v. Kansas Gas & Electric Co., 461 P.2d 825, 828 (Kan. 1969); Alford Ranches, LLC v. TGC Industries, Inc., 2015 WL

7

9591354 *10-11 (Kan. App. 12/31/2015). According to the RESTATEMENT (Second) OF TORTS § 302, Comment a (1965): "In general, anyone who does an affirmative act is under a duty to others to exercise the care of a reasonable man to protect them against an unreasonable risk of harm to them arising out of the act."[2] "Negligence" encompasses the concepts of duty and breach. Fieser v. Kansas State Board of Healing Arts, 130 P.3d 555, 558 (Kan. 2006).

> [N]egligence is determined by weighing the magnitude of the risk involved against the utility of the actor's conduct. If the probability of the negligent conduct of another is relatively slight, or if the harm to be expected from it is relatively slight, and the utility of the actor's conduct is relatively great in proportion, the actor may be entitled to ignore the risk, and proceed on the assumption that others will act in a reasonable manner. On the other hand, if the actor knows or should realize that there is a serious chance of grave harm to valuable interests of others, and the utility of his own conduct is less than the risk, he is required to take precautions against the negligence of others which a reasonable man would take under like circumstances.

RESTATEMENT (Second) OF TORTS § 302A, Comment d, (1965); see also RESTATEMENT (Second) OF TORTS § 291 (1965). The court believes Kansas law is consistent with these provisions. For instance, the Kansas Supreme Court has held that a landowner is subject to liability if its direct negligence causes injury to an independent contractor's employee while the employee is

---

[2] The Kansas Court of Appeals makes reference to RESTATEMENT (Second) OF TORTS § 302 in Alford Ranches, at *10.

working on the landowner's property.  See <u>Herrell v. National</u>
<u>Beef Packing Co.</u>, 259 P.3d 663, 673 (Kan. 2011).

2. <u>Premises liability</u>

A land possessor owes a business invitee a duty of
reasonable care under the circumstances.  <u>Id.</u> at 669; <u>Miller v.</u>
<u>Zep Mfg. Co.</u>, 815 P.2d 506, 513-14 (Kan. 1991).  The Kansas
Supreme Court relied upon RESTATEMENT (Second) OF TORTS § 343A
in <u>Miller</u>, 815 P.2d at 514.  Under § 343A, a possessor of land
is not liable for injuries caused by any activity or condition
on the land when the danger is known or obvious to a business
invitee, "unless the possessor should anticipate the harm
despite such knowledge or obviousness."  This is related to the
question of foreseeability because one may reasonably assume
that a person will protect himself from an open and obvious
danger.  RESTATEMENT (Second) OF TORTS § 343A, Comment e.  There
may be circumstances, however, where the possessor of land "may
have an affirmative duty to minimize the risk of an open and
obvious danger when there is reason to expect that an invitee
will be distracted, will forget the discovered danger, or will
fail to protect against the danger."  <u>Crowe v. True's IGA, LLP</u>,
85 P.3d 1261, 1266 (Kan.App. 2004)(citing § 343A Comment f); see
also <u>Scales v. St. Louis-San Francisco Ry. Co.</u>, 582 P.2d 300,
306 (Kan.App. 1978)(also citing Comment f).

In cases involving independent contractors hired to repair premises or a machine on the premises, Kansas courts hold that a land possessor has no duty to protect an independent contractor "from the risks arising from or intimately connected with defects in the premises which the contractor has undertaken to repair." Aspelin v. Mounkes, 476 P.2d 620, 623 (1970); Guignet v. Lawrence Paper Co., Inc., 859 F.Supp. 515, 519 (D.Kan. 1994). In neither of these cases, however, was it argued that the land possessor had reason to expect that the invitee would fail to protect against the danger.

### 3. Duty arising from control

Under RESTATEMENT (Second) OF TORTS § 414 (1965): "One who entrusts work to an independent contractor, but who retains control of any part of the work, is subject to liability for physical harm to others for whose safety the employer owes a duty to exercise reasonable care, which is caused by his failure to exercise his control with reasonable care."[3] For this rule to apply, "the employer must have retained at least some degree of control over the manner in which the work is done. . . . [t]here must be such a retention of a right of supervision that the

---

[3] The Kansas Court of Appeals considered the application of this provision in Herrell v. National Beef Packing Co., 202 P.3d 691, 705 (Kan.App. 2009) and Hauptman v. WMC, Inc., 224 P.3d 1175, 1188 (Kan.App. 2010). In Hauptman, the court observed that Kansas courts had never expressly adopted it. But, the court noted that § 414 was analytically similar to § 324A which was adopted by the Kansas Supreme Court in Schmeck v. City of Shawnee, 651 P.2d 585 (Kan. 1982). Id. at 1192.

contractor is not entirely free to do the work in his own way."
Id. at Comment c.   Retention of control may be considered a
question of fact.   Rause v. Paperchine, Inc., 743 F.Supp.2d
1114, 1134-35 (D.Ariz. 2010); RESTATEMENT (Third) OF TORTS § 56,
Reporters' Note g (2011)(most cases treat control question as a
fact question).

   E.   Material issues of fact exist regarding the existence
   and breach of a duty of care.

   In response to KanCo's contention that it breached no duty
of care, plaintiff argues that KanCo breached a duty to refrain
from ordinary negligence, that KanCo owed a duty of reasonable
care as a premises owner, and that KanCo owed a duty of care
because it exercised control over the tarping activity.   As
noted above, the court believes these are duties which Kansas
courts would acknowledge under the proper circumstances.   The
question becomes whether the record, considered in a light most
favorable to plaintiff, contains material fact issues as to
whether these duties existed and whether these duties were
breached by KanCo.

   1. Negligence

   Plaintiff contends, inter alia, that if the load had been
evenly distributed on the flatbed trailer it would not have been
as high and as difficult and dangerous to tarp.   The allegedly
negligent loading process was an activity conducted upon KanCo's

premises by a KanCo employee which arguably increased the foreseeable risk of injury to plaintiff as the person expected to tarp the load. This is a claim which is preserved in the pretrial order (Doc. No. 61, p. 22) and, on the record and arguments currently before the court, the claim may go forward.

The court shall not rule upon the viability of all of plaintiff's negligence claims. Such a ruling was not invited by KanCo's motion for summary judgment and its initial memorandum in support, which concentrated upon premises liability and independent contractor arguments. KanCo's argumentation in its reply brief, which raises evidence and causation questions as to plaintiff's negligence claims, is newly presented. As such, the court is not inclined to address it. See <u>Moore v. University of Kansas</u>, 118 F.Supp.2d 1242, 1255-56 (D.Kan. 2015). But, considering it as presented, the court does not believe the summary judgment record demonstrates grounds to dismiss plaintiff's straight negligence claims. In sum, the court finds that there are fact issues as to whether KanCo's actions violated KanCo's general duty of ordinary care.

### 2. <u>Premises liability</u>

KanCo contends that no duty of care was violated because the danger was open and obvious to plaintiff and because the risk of tarping the load was the very work that plaintiff

contracted to perform.[4]   It appears uncontroverted that the danger of falling while tarping the load was open and obvious to plaintiff and KanCo.   But, there is evidence from which it may be argued that KanCo had reason to believe that plaintiff would attempt to tarp the load without reasonably protecting himself from the danger.   A KanCo employee directed plaintiff where to drive the truck to tarp the load.   Although plaintiff inquired with KanCo about fall protection, it was apparent that there was no fall protection available to plaintiff at the location where the tarping was to occur.   Plaintiff had driven from Amarillo, Texas to perform the contract.   Plaintiff has proffered evidence that there would be significant adverse economic consequences if he declined to perform the contract because he did not want to tarp the load without fall protection.   In the comments to RESTATEMENT (Second) OF TORTS § 343A, one of the scenarios provides that a premises owner owes a duty to a contractor's employee who is required to traverse an obviously dangerous

---

[4] The court does not view the "open and obvious danger" argument as directly applicable to plaintiff's ordinary negligence claim.   An open and obvious danger may relate to the foreseeability of injury and therefore to the existence of a duty of care.   But, to the extent this is an issue of law, the court believes the obvious danger from the alleged negligent loading was such that under the circumstances it was arguably foreseeable that plaintiff would attempt to tarp the load without fall protection.   Also, KanCo has not cited Kansas cases where independent contractors or their employees were barred from recovering for injuries caused by the affirmative acts of entities with whom they contracted when the alleged negligent acts increased the risk of performing the contracted work.

stairway to attend her job.[5]  It may be argued that the facts of this case are analogous.

But, KanCo contends, there is no duty because plaintiff contracted to perform the tarping.  Assuming that plaintiff did contract to tarp the load, the court finds that this fact by itself does not extinguish the possibility that KanCo owed a duty of reasonable care as a premises owner.  There is evidence in the summary judgment record that KanCo arguably exercised control over the tarping job by, inter alia, directing plaintiff to perform the tarping at a location where there was no fall protection and instructing plaintiff, in effect, that the load had to be tarped without fall protection.  The court acknowledges KanCo's argument that no one from KanCo told plaintiff how the spread the tarp, how to secure the tarp, or what procedure to use when tarping the load.  Doc. 68, pp. 16-17.  But, it may be argued that KanCo's directions essentially foreclosed the option of using any fall protection other than a ladder.  This argument has sufficient factual support on the summary judgment record that it creates a material issue of fact as to whether KanCo breached a duty of care it owed to plaintiff.

---

[5] Similar scenarios are also discussed in Wood v. Mercedes-Benz, 336 P.3d 457, 459-60 (Okla. 2014) and in Martinez v. Angel Exploration, LLC, 798 F.3d 968, 975-77 (10th Cir. 2015). See also Hoagland v. Oklahoma Gas & Electric Co., 2016 WL 3523755 *2 (W.D.Okla 6/22/2016)(referencing the Wood decision in a tarping accident case).

The court has already noted that the question of control over the conduct of an independent contractor or its employees has been considered a fact issue.  <u>Rause</u>, <u>supra</u>; see also <u>Merit Energy Co. v. Horr</u>, 366 P.3d 489, 498-99 (Wyo. 2016); <u>Gibson v. Owyhee Produce</u>, 2014 WL 5092125 *4 (D. Ore. 10/9/2014)(addressing a retained or actual control test under an Oregon statute in a tarping accident case).  The question of control is akin to but not the same as the issue of whether an entity is an independent contractor.  See RESTATEMENT (Second) OF TORTS § 414, Comment a (1965)(noting that the extent of control is less than that required for a master-servant relationship).  The Tenth Circuit has considered this type of question to involve issues of fact.  <u>King v. G&W Food, Inc.</u>, 71 Fed.Appx. 770, 773 (10th Cir. 2003)(noting that the issue of control over work was one element in the factual dispute over whether the plaintiff was an independent contractor).  The court acknowledges that other courts have affirmed or granted summary judgment in somewhat similar situations.  See, e.g., <u>Offord v. L&W Supply Corp.</u>, 358 Fed.Appx. 540, 542-43 (5th Cir. 12/22/2009); <u>Boswell v. Colloid Environmental Technologies Co.</u>, 236 F.R.D. 682, 692-93 (D.Wyo. 2006) <u>aff'd</u>, 215 Fed.Appx. 771 (10th Cir. 2007); <u>Waddy v. Mobil Oil Corp.</u>, 756 F.Supp. 1010, 1013 (S.D.Tex. 1990).  The court finds that the summary judgment record in this case distinguishes it from the facts described in

those opinions.    Simply,  there  is  more  evidence  that  KanCo
participated in and directed the tarping activity.

        The Kansas cases cited by defendant are distinguishable.
In McCubbin v. Walker, 886 P.2d 790 (Kan. 1994), the defendant
hired  an  independent  contractor  to  trim  trees,  but  was  not
alleged to have exercised control over the contractor's actions
or  those  of  the  plaintiff,  the  contractor's  employee.     In
Aspelin, supra, a similar situation existed regarding a roof
repair project.   Finally, in Hauptman, 224 P.3d at 298-301, the
evidence  in  the  record  demonstrated  virtually  no  control  by
Wesley  Medical  Center  over  the  operation  of  an  air  ambulance
company which contracted with the hospital.

                3. Duty arising from control

        KanCo does not dispute that it would have a duty to protect
plaintiff in a situation where KanCo exercised control over the
activity which plaintiff contracted to perform.   KanCo argues
that it is uncontroverted on this summary judgment record that
KanCo did not exercise control.   As discussed above, the court
disagrees with this assessment.

        F. Conclusion

        In conclusion, material issues of fact preclude granting
KanCo's motion for summary judgment.

                                    16

II. PLAINTIFF'S MOTION TO DETERMINE QUESTIONS OF LAW AND FOR
PARTIAL SUMMARY JUDGMENT SHALL BE DENIED.

Plaintiff filed a motion to determine questions of law and
for partial summary judgment on the same day as KanCo filed its
motion for summary judgment. Plaintiff's motion asks that the
court rule that there is sufficient evidence to submit
plaintiff's negligence claims to a jury by finding that KanCo
owed a duty of care toward plaintiff when plaintiff suffered his
injuries. Plaintiff does not specifically state that he is
asking for "judgment" on this question. But, plaintiff asserts
that he is also moving for "partial summary judgment on certain
elements of his claims, namely: (1) the foreseeability of the
harm; (2) the magnitude of the harm; (3) the lack of benefit
from conducting dangerous activities on the premises, e.g., the
manual tarping of high loads without reasonable safety measures
of fall prevention or fall protection; and (4) any benefit to
such activity was outweighed by the risks of catastrophic human
injury and the low cost and convenient methods available to
reduce that danger." Doc. No. 64, pp. 1-2.

Considering the language of FED.R.CIV.P. 56 in light of
FED.R.CIV.P. 1 and case law from this court, the court finds
that plaintiff's motion must be denied. Rule 56, of course,
controls summary judgment motions. Rule 56(a) provides that a
party made move for summary judgment "identifying each claim or

17

defense - - or the part of each claim or defense - - on which summary judgment is sought." Rule 56(g) provides that "[i]f the court does not grant all the relief requested by the motion, it may enter an order stating any material fact . . . that is not genuinely in dispute and treating the fact as established in the case."

While plaintiff's motion states that plaintiff is asking for partial summary judgment, the motion does not describe a claim or part of a claim upon which a "judgment" may be entered. "Judgment" cannot be entered upon a finding of foreseeability or the other "elements" of the claims upon which plaintiff moves for partial summary judgment. Nor can the court enter judgment for plaintiff merely on a finding that KanCo owed a duty of care. Rule 56(g) does not apply here because, according to the Advisory Committee Notes, "[i]t becomes relevant only after the court has applied the summary-judgment standard carried forward in subdivision (a) to each claim, defense, or part of a claim or defense, identified by the motion." Here, the court is not applying subdivision (a) to plaintiff's motion because plaintiff does not proffer a claim in his motion upon which "judgment" may be granted.

Other Kansas cases have made similar rulings against analogous motions for partial summary judgment. See U.S. Fire Ins. Co. v. Bunge North America, Inc., 2008 WL 3077074 *19

(D.Kan. 8/4/2008)("Rule 56(c) authorizes only the entry of judgments on claims, not single issues or elements that are not dispositive of judgment on those claims"); <u>City of Wichita, Kan. v. U.S. Gypsum Co.</u>, 828 F.Supp. 851, 869 (D.Kan. 1993)(same); <u>Commodity Futures Trading Com'n v. Clothier</u>, 1992 WL 123675 *1 (D.Kan. 5/29/1992)("Rule 56 does not allow a judgment as to one portion of a claim"); see also, <u>Franklin-Mason v. Penn</u>, 259 F.R.D. 9, 10 (D.D.C. 2009).

There may be parts of claims, such as liability, upon which a motion for partial summary judgment may be granted. This would be consistent with the history of Rule 56. See 10B FEDERAL PRACTICE & PROCEDURE § 2736 (2016). But, that is a much larger aspect or "element" of plaintiff's negligence claim than the issues raised in plaintiff's motion. Plaintiff's motion asks the court to make piecemeal findings on matters which the court cannot confidently decide on the basis of the summary judgment record. This is not consistent with Rule 56 or Rule 1 because it does not promote a just, speedy or inexpensive determination of this dispute. Instead, it encourages wasteful motion work relating to issues which, at least in this case, are infused with questions of fact and, perhaps, credibility.

Finally, the court declines the approach of treating at least part of plaintiff's motion as a motion to decide questions of law. Plaintiff requests that the court find that "there is

sufficient evidence to instruct the jury on the defendant's duty to use reasonable care under each of . . . three areas of liability." Doc. No. 64, p. 38. After due consideration, the court believes this is a decision which must be made on the trial record, not the record currently before the court.

III. KANCO'S MOTION IN LIMINE SHALL BE DENIED WITHOUT PREJUDICE.

KanCo has filed a motion in limine directed at three aspects of plaintiff's two experts' purported testimony. KanCo asks the court to limit the experts' testimony so that they are prohibited: 1) from testifying about the customs and practices of an agricultural producer of hay; 2) from testifying that there is "a standard" within the agricultural industry or the commercial trucking industry for agricultural shippers to provide fall protection or other assistance or instruction to independent, third-party truck drivers on their property with regard to tarping a load; and 3) from offering an opinion that KanCo breached "any industry standard" with respect to any alleged failure to provide any type of fall protection to plaintiff. Doc. No. 66, p. 18. While KanCo concedes that plaintiff's experts have considerable experience with the trucking industry, KanCo argues that plaintiff cannot demonstrate that his experts' opinions on the matters targeted in the motion in limine have a reliable foundation. KanCo

asserts that plaintiff's experts' opinions on those matters are not based upon sufficient facts, data or experience.

FED.R.EVID. 702(b) allows for the admission of expert testimony if it is "based on sufficient facts or data." The Daubert case requires the court to determine the reliability and relevance of expert testimony. Kumho Tire Co. v. Carmichael, 526 U.S. 137, 152 (1999). The reliability test requires the court to decide if the expert "is qualified by knowledge, skill, experience, training, or education to render an opinion." U.S. v. Orr, 692 F.3d 1079, 1091 (10th Cir. 2012) cert. denied, 133 S.Ct. 1300 (2013). As for relevance, the court must decide whether an expert's testimony will assist the fact-finder in understanding the evidence or determining a fact in issue. Daubert v. Merrell Dow Pharmaceuticals, 509 U.S. 579, 591 (1993). While Daubert requires the court to serve a gatekeeping function, "[v]igorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof" remain "the traditional and appropriate means of attacking shaky but admissible evidence." Id. at 596.

The court shall deny KanCo's motion without prejudice for the following reasons. First, the court believes the trial judge and jury are better suited to deciding whether the dichotomy KanCo seeks to draw between KanCo as an agricultural producer, and truckers or shippers in general, is important in

the context of this case.   A reasonableness standard will be controlling.   At trial, where the circumstances of this case are fully fleshed out, the "trucking industry" practices discussed by plaintiff's experts may be considered relevant in deciding how the standard of care applies to KanCo.   The court concedes that the experts do not profess experience or expertise in hay production, although they may have bucked bales when they were younger.   Still, whether their expert testimony regarding "trucking" or hay transportation practices should apply to KanCo, is an issue of relevance which is better assessed on the trial record.

The court shall also deny without prejudice KanCo's objections to plaintiff's experts' testimony regarding whether a fall protection standard exists.   The experts appear to be basing their view that a fall protection standard exists upon their considerable experience in the trucking industry (which is undisputed), industrial research, some articles in print or on websites, what might be considered comparable OSHA or motor carrier standards, plaintiff's testimony regarding his history with fall protection, and KanCo's policy regarding tarping loads.   KanCo contends that this foundation is insufficient because the experts admit that most entities in KanCo's position or most shippers in general do not provide fall protection to independent truck drivers.   Upon the record before the court,

KanCo's objection may be construed as going more to the weight or relevance than to the reliability of plaintiff's experts' testimony regarding standards.   The weight of the testimony may depend in part upon the witnesses' definition of "standard" and whether that definition incorporates a notion of acceptance and usage by large numbers of truckers, shippers, or hay producers and sellers.   This may be better explored on cross-examination. The court also believes the objection might be better considered at trial where the context of the testimony is more clear. Finally, the court has reviewed the case law cited by KanCo and believes that the material cited by plaintiff's experts in support of their opinions during their depositions in this case is more extensive than what was supplied in the cases cited by KanCo.   Therefore, at this stage in the case, the court is unwilling to limit plaintiff's experts' testimony on reliability or relevance grounds.

IV. SUMMARY

    For the above-stated reasons, the court shall deny KanCo's motion for summary judgment (Doc. No. 67) and plaintiff's motion for partial summary judgment (Doc. No. 64).   Plaintiff's motion for oral argument (Doc. No. 77) and plaintiff's motion to file a surreply (Doc. No. 85) are also denied.   Finally, the court shall deny without prejudice KanCo's motion in limine.   Doc. No. 65.

**IT IS SO ORDERED.**

Dated this 18th day of July, 2016, at Topeka, Kansas.


s/Sam A. Crow
Sam A. Crow, U.S. District Senior Judge